[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 26, 1996
FACTS
The plaintiff, Greenwich Roofing and Sheet Metal Works, Inc., filed a three-count complaint against the defendant, Golden O'Neill and Gebhardt, alleging that the defendant, as plaintiff's insurance broker, failed to procure fire insurance for the plaintiff. The plaintiff's business property was destroyed by a fire. The first count alleges negligence, the second alleges breach of an agreement, and the third alleges Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. The defendant filed a motion to strike (#101) the third count on July 15, 1996. The plaintiff filed a memorandum in opposition on July 29, 1996.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff asserts that the defendant has failed to state a claim under CUTPA in that the complaint does not allege that the defendant engaged in unfair business practices.
General Statutes § 110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. General Statutes § 42-110b(d); Web Press Services Corp. v.CT Page 5620New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987). "CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection." Heslin v. ConnecticutLaw Clinic of Trantolo Trantolo, 190 Conn. 510, 515,461 A.2d 938 (1983).
"In determining whether a practice violates CUTPA, we use the following criteria `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers[.] competitors or other businessmen.'"Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988).
The defendant points to decisions holding that when the underlying claim is grounded solely in negligence, the CUTPA count must satisfy all prongs of test outlined above. WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 592,657 A.2d 212 (1995); A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 579 A.2d 69 (1990). The third count incorporates both the negligence and breach of agreement counts. however, and labels the defendant's acts immoral. unethical, oppressive and unscrupulous. The plaintiff argues in its memorandum that its CUTPA count "is alleged to be founded upon the Defendant's absolute and egregious failure to perform those essential and specialized insurance services which require the exercise by Defendant of its special skill, knowledge and experience. "
Courts have held that "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). The plaintiff alleges that the defendant held itself out as a specialist, was a long-term insurance broker of the plaintiff, undertook to advise, counsel and obtain for the plaintiff the insurance needed by the plaintiff to adequately protect its property, and the defendant breached its agreement and its duty by failing to obtain insurance as basic as fire insurance. These facts amount to unscrupulous and unethical conduct. In this instance the facts alleging negligence and a breach of an agreement are sufficient to also support a CUTPA allegation, and accordingly, the motion CT Page 5621 to strike is denied.
MINTZ, J.