[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Oddvar and Karen Nygaard, commenced this action against the defendants. Metropolitan Property Casualty Insurance Company (Metropolitan) and Alexandre Ades, to recover damages allegedly sustained as a result of the defendants' failure to provide fire insurance coverage for the plaintiffs' residence.[1] The plaintiffs allege that their home was damaged by fire on or about September 9, 1995. On September 12, 1996, defendant Ades filed a motion (#116) to strike the sixth count of the plaintiffs' amended complaint, which is based on the Connecticut Unfair Trade Practice Act (CUTPA), on the grounds that the plaintiffs failed to allege all of the essential elements of CUTPA claim and that a single transaction may not form the basis of a CUTPA claim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are CT Page 2398 unsupported by the facts alleged." Novametrix Medical SystemsInc. v. BOC Group Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
General Statutes § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether a practice violates CUTPA, it is necessary to consider the following criteria: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Internal quotation marks omitted.) AssociatedInvestment Co. Ltd. Partnership v. Williams Associates IV,230 Conn. 148, 155, 645 A.2d 505 (1994).
The plaintiffs essentially allege in the sixth count that defendant Ades, as the agent of Metropolitan, represented to the plaintiffs that their fire insurance policy with Metropolitan was in full force and effect when he knew or should have known that Metropolitan did not intend to issue a fire insurance policy to the plaintiffs, and that Ades failed to advise the plaintiffs that Metropolitan had refused to issue a fire insurance policy. In addition, the plaintiffs allege that the actions of defendant Ades constitute a violation of CUTPA in that such actions "were immoral, oppressive and unscrupulous and caused substantial and ascertainable injury to the plaintiffs." Amended Complaint, Sixth Count, Para. 31. The plaintiff also points out that General Statutes § 38a-816 (1) defines misrepresentations and false advertising of insurance policies as "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance."
Viewed in a light most favorable to the plaintiffs, the plaintiffs have alleged facts sufficient to state a claim under CUTPA. See Joseph v. Hannan Agency Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J., 18 Conn. L. Rptr. 552, 554) (allegations that an insurance broker falsely represented that coverage has been obtained and accepted premiums for the nonexistent coverage are sufficient to state a cause of action under CUTPA); GreenwichRoofing Sheet Metal Works, Inc. v. Colden O'Neill GebhardtCT Page 2399Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152859 (September 26, 1996, Mintz, J.,17 Conn. L. Rptr. 653) (failure of insurance broker to procure fire insurance for client constitutes a violation of CUTPA). In addition, a single act of misconduct is sufficient to support a CUTPA claim. See Gustafson v. Young, Superior Court, judicial district of New London at Norwich, Docket No. 105199 (July 11, 1994, Teller, J., 12 Conn. L. Rptr. 105, 106-07) (The majority of trial courts that have addressed this issue have held that "a litigant need not allege more than a single transaction upon which to base a CUTPA claim."). Accordingly, the plaintiffs' allegations are sufficient to form the basis of a CUTPA claim and the defendant's motion to strike the sixth count of the amended complaint is denied.
So Ordered.
Karazin, J.